UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GAYLE WHITE MALAUTEA, as Guardian of FATI F. MALAUTEA, and GAYLE WHITE MALAUTEA, individually and as class representative,

Plaintiffs,

v.                    490CV322

SUZUKI MOTOR CORPORATION, a Japanese Corporation, and AMERICAN SUZUKI MOTOR CORPORATION, a California corporation,

Defendants.

## ORDER

Before the Court is Defendants' second "motion to keep documents under seal." Doc. # 402. The first motion "requesting that matters currently under seal be kept under seal," doc. # 396, was made in response to the Court's 1/27/10 Order, doc. # 395, which rescinded a 3/3/94 Order placing certain documents under seal. In rescinding the order to seal, the Court reasoned (and again reiterates) that it "has no further interest in withholding any information except [as] otherwise provided by the laws of the State of Georgia and pursuant to the practices of the Probate Court of Chatham County." *Id.* The first motion to keep documents under seal simply asked that "all documents and materials currently under seal remain under seal ... because the documents under seal pertain to a confidential settlement with an incapacitated adult, trade secrets, and other confidential information that the Parties previously agreed would remain confidential." Doc. # 396 at 1-2. The Court, however, directed the parties to "identify specifically what items justify remaining under seal." Doc. # 397.

Defendants' second motion to keep documents under seal is unresponsive to the Court's directive. Doc. # 402. Despite requesting an inventory of the sealed documents in this case from the Court, *see* doc. # 399 at 1-2 (motion for extension of time, permitting counsel to respond following the Court's completion of an inventory for counsel), Defendants again fail to "identify specifically" which documents in the record should remain under seal and the reasons for which those documents should remain sealed. Rather, Defendants offer the Court a lengthy discussion on the scope of the public's right of access to confidential settlement amounts or terms. Doc. # 402 at 2-8. This is not what the Court asked for.

As the Court noted before, generally "all matters relating to the court will be open for public scrutiny excepting matters of national security." Doc. # 397. "The public has a common law presumptive right of access to judicial documents." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004). The Second Circuit discussed the importance of this common law right in *Gambale*:

> The public's exercise of its common law access right in civil cases promotes public confidence in the judicial system. As with other branches of government, the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud. Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness.

*Id.* (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1993)).

Defendants, however, contend that the public's presumptive right of access does not apply to the sealed documents in this case

because those documents are not judicial documents. Doc. # 402 at 2-3 ("[T]he sealed documents were not filed with the Court as part of the adjudication of the merits of this case. Instead, they were merely filed with the Court as part of the settlement process."). The Court disagrees.

Generally, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *U.S. v. Amodeo* 44 F.3d 141, 145 (2d Cir. 1995); *see Smithkline Beecham Corp. v. Synthon Pharm., Ltd.*, 210 F.R.D. 163, 167 (M.D.N.C. 2002) ("[T]here appears to be agreement that [a judicial document] does not arise from the mere filing of papers or documents, but only those used, submitted, or relied upon by the court in making its decision."). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Amodeo*, 44 F.3d at 145; *see Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) (reasoning that common law presumption of access does not extend "beyond materials on which a court relies in determining a litigant's substantive rights").

A court's "approval of a settlement or action on a motion are matters which the public has the right to know about and evaluate." *Bank of Am. Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986); *see Gambale*, 377 F.3d at 143 ("Once a settlement is filed in district court, it becomes a judicial record. The presumption in favor of the public's common law right of access to court records therefore applies to settlement agreements that are filed and submitted to the district court for approval.") (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)). The settlement agreement thus becomes a judicial document when the parties seek and obtain a court's "active participation in interpreting and enforcing the terms of the settlement agreement." *Enprotech Corp. v. Renda*, 983 F.2d 17, 20 (3d Cir. 1993) (citing *Bank of Am.*, 800 F.2d at 341). By contrast, where the agreement remains "completely confidential, has never been filed with the district court, and has never been interpreted or ordered enforced by the court," the public's right of access does not attach. *Id.*; *see Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994) (when a settlement agreement is "not filed with, interpreted by, or enforced by" a court, it is not a judicial record presumed to be accessible).

Here, as Defendants noted, the "sealed documents were filed with the Court because it was necessary for the Court to *approve* the terms of the settlement due to the fact that Plaintiff is an incapacitated adult." Doc. # 402 at 2 (emphasis added). The sealed documents were therefore judicial documents because they were relevant to the performance of a judicial function (i.e., the Court's approval of the settlement). The common law presumptive right of access hence applies to the sealed documents in the record, and "[t]he burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Bank of Am.*, 800 F.2d at 344.

Defendants contend that the presumptive right of access to the sealed documents in this case is overcome by (1) the public policy favoring settlement, (2) the lack of public interest in the disclosure of settlement terms in this case, and (3) the parties' expectation that settlement documents would remain sealed. Doc. # 402 at 4-6. While these are indeed interests that the Court will weigh against the public's right of access, Defendants' blanket argument that *all* sealed documents in this case should remain sealed will not suffice.

There are twenty-six sealed documents in the record. Doc. ## 228-233, 372-375, 378-

2

379, 381-394. Defendants are again directed to identify specifically the documents that should remain under seal and the reasons for which those documents should remain sealed. Defendants shall supplement their second motion to keep documents under seal within thirty days from the date of this Order.

This day of 19 May 2010

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA